IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV200-MU

| | |
|---|---|
| RANDY L. THOMAS, </br></br>    Plaintiff, </br></br>vs. </br></br>R. HARCOURT FULTON AND JAMES HAMMOND </br></br>    Defendants. | **ORDER** |

**THIS MATTER** is before this Court upon Defendant James Hammond's Motion to Dismiss (Document #7) and Defendant R. Harcourt Fulton's Motion to Dismiss (Document #10). Defendants contend that Plaintiff's claim should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Since both motions set forth similar arguments, the Court will consider them simultaneously. For the reasons set forth below, both motions are **GRANTED**.

### I. BACKGROUND

The facts of this case have been recited at length in the previous orders by this Court, and therefore will be addressed only briefly here.

This action is the fifth filed in this Court, all stemming from the same underlying claims. See Thomas v. Charlotte Mecklenburg Schools et al, 3:06-cv-00238; Thomas v. Helms Mulliss Wicker PLLC et al, 3:07-cv-00052; Thomas v Olshausen et al, 3:07-cv-00130; Thomas v. Mullen, 3:07-cv-00231.

Mr. Thomas now brings suit against Mr. Fulton as counsel for the city of Charlotte and

Mr. Hammond as an Assistant Superintendent for Charlotte-Mecklenburg for actions taken in the previous lawsuits.  Although the exact facts are unclear from Mr. Thomas' complaint, Mr. Thomas appears to allege that his constitutional and civil rights were violated and reputation defamed by the Defendants, specifically in Mr. Fulton's motion to dismiss in the Olshausen case (3:07cv130, document #9).  He is seeking relief under 42 U.S.C. § 1983 and "Title 18 U.S.C."

## II.  DISCUSSION

In considering a defendant's motion to dismiss, the court accepts the plaintiff's allegations as true, Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir.1993). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations,"  but must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, --- U.S. ----, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355U. S. 41, 47 (1957)).  Ultimately, the complaint is required to contain "only enough facts to state a claim to relief that is plausible on its face," id. at 1974.  A motion to dismiss should be granted if the complaint itself fails to allege the elements for a cause of action or facts sufficient to support such elements.  Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.), cert. denied, 540 U.S. 940 (2003).  Moreover, "allegations must be stated in terms that are neither vague nor conclusory." Estate Constr. Co. V. Miller & Smith holding Co., 14 F.3d 213, 220 (4th Cir. 1994).

Here, Plaintiff seeks to assert claims under 42 U.S.C. § 1983 and "Title 18 U.S.C.," neither of which provides him with a cognizable claim.

### A. Plaintiff's Claims under 42 U.S.C. § 1983

In order to prevail under § 1983, a plaintiff must show that 1) defendant deprived him of a right or rights secured by the laws or constitution of the United States; and 2) the person depriving him of those rights was doing so under color of state law. Mathis v. Parks, 741 F.Supp. 567, 570 (E.D.N.C. 1990).

Here, Mr. Thomas fails to make a claim with any specificity about his constitutional rights. He merely states that those rights have been violated. Without any description of a violation, a claim under § 1983 cannot stand.

### B. Plaintiff's Claims of Defamation

This Court will also construe Mr. Thomas' allegations to include a claim of defamation. Putting aside jurisdictional questions of whether Mr. Thomas' defamation claims are better heard in state court, North Carolina recognizes two separate torts of defamation. The first, libel, is written, and the second, slander, is oral. Suarez v. Charlotte-Mecklenburg Schools, 123 F.Supp. 2d 883, 892 (W.D.N.C. 2000). North Carolina requires the plaintiff show a defamatory and false publication. Id. Defamation per se requires charges that someone has committed an infamous crime, has an infectious disease, impeaches a person's trade or business; or subjects one to ridicule, contempt, or disgrace. Id. quoting Aycock v. Padgett, 516 S.E. 2d 907, 909 (1999). Mr. Thomas charges Mr. Fulton with libel and Mr. Hammond with slander.

If statements are privileged in some manner, they will not be considered defamatory. Any statement made during the course of a judicial proceeding is privileged. Ramsey v. Cheek, 109 N.C. 270 (1891). This privilege extends to statements "submitted to the court presiding over

litigation." Burton v. NCNB Nat'l Bank, 355 S.E.2d 800, 802 (N.C. Ct. App. 1987)

### i. Libel

Given the defamation standard, Mr. Thomas' claims of libel are baseless. While he clearly cannot support a case of defamation per se, Mr. Thomas also fails to meet the standards of defamation. He has not pointed to a specific statement made by Mr. Fulton, has offered no evidence that he was defamed in any way, and cannot show the falsity of any statement in the Mr. Fulton's brief.

Finally, even if Mr. Thomas did allege that the statements were false, since the motion was part of a judicial proceeding, those statements are privileged and cannot be defamatory.

### ii. Slander

Similar to the reasoning above, Mr. Thomas has no factual basis for his claim of slander. There is no evidence that Mr. Hammond even said anything to anyone at anytime (nor does Mr. Thomas allege such), and for this reason, a claim of slander cannot stand.

### B. Plaintiff's Claims under Title 18 U.S.C.

Finally, Title 18 U.S.C. is not a valid basis for an action by this Court. Title 18 U.S.C. pertains to "Crimes and Criminal Procedure" and fails to create any applicable civil cause of action.

Accordingly, Defendant James Hammond's Motion to Dismiss and Defendant R.

Harcourt Fulton's Motion to Dismiss are hereby GRANTED.

IT IS SO ORDERED.

Signed: December 11, 2007

Graham C. Mullen
United States District Judge