IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV200-MU

| | |
|---|---|
| RANDY L. THOMAS )<br>)<br>      **Plaintiff,** )<br>)<br>vs. )<br>)    **ORDER**<br>R. HARCOURT FULTON AND JAMES )<br>HAMMOND )<br>)<br>      **Defendants.** )<br>) | |

**THIS MATTER** is before this Court upon Plaintiff's Motion for Relief from Judgment and Order (Document #20), Plaintiff's Motion for Relief from Judgment and Order (Document #30), and Plaintiff's Motion/Demand for Jury Trial (Document #31). For the reasons set forth below, Plaintiff's Motions are **DENIED.**

**BACKGROUND**

The Court has outlined the procedural and factual background at length in its Order Granting Defendants' Motions to Dismiss on June 19, 2007. (Document #10).

On December 28, 2007, Plaintiff served his Motion for Relief From Judgment or Order, seeking relief pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure. (Pl's Mot. For Relief from J. and Order at 4). Plaintiff's Motion was filed with the Court on January 2, 2008. *(Id* at 1). In his Motion, Plaintiff contends that the Court"s December 11 Order "has intentionally misrepresented plaintiffs complaint." (Id.). Plaintiff contends that the Court (not any party to the

1

case) misrepresented the complaint "by indicating Plaintiffs [sic] has not raised appropriate claims" for relief pursuant to 42 U.S.C. §1983 and for defamation. *(Id* at 2).

**DISCUSSION**

This Court will address both Plaintiff's Motions for Relief from Judgment together, then move to Plaintiff's Demand for a Jury Trial.

**A. Plaintiff's Motions for Relief**

Under Federal Rule of Civil Procedure 60(b)(3), "the court may relieve a party or its legal representative from a final judgment . . . [for] fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b)(3).

The purpose of Rule 60(b)(3) is to protect litigants from fraud, misrepresentation, or other misconduct of an adverse party. Plaintiff is not seeking relief for fraud, misrepresentation, or misconduct of an adverse party; rather he is attacking the decision of the Court, and the Court itself.

In *Schultz v. Butcher,* 24 F.3d 626 (4th Cir. 1994), the Fourth Circuit discussed the three factors necessary to establish relief under Rule 60(b)(3). The factors are: "(1) the moving party must have a meritorious defense; (2) the moving party must prove misconduct by clear and convincing evidence; and (3) the misconduct prevented the moving party from fully presenting its case." 24 F.3d at 630 (citing *Square Constr. Co. v. Washington Metro. Area Transit Auth.,* 657 F.2d 68, 71 (4th Cir. 1981)). The Court further noted that, "After proof of these elements, the court must balance the competing policies favoring the finality of judgments and justice being done in view of all the facts, to determine within its discretion, whether relief is appropriate in

each case."'" 24 F.3d at 630.

Here, Plaintiff's Motions fail to allege misconduct on the part of the Defendants, indeed, he alleges misconduct solely on the part of the Court. Thus, Plaintiff has failed to meet the basic requirement of Rule 60(b)(3): the conduct complained of must be by a party to the case. The Court is not a party. As Plaintiff has failed to meet this basic requirement of Rule 60(b)(3), Plaintiff cannot succeed on either of his claims that he is somehow entitled to relief via Rule 60(b)(3).

**Plaintiff's Demand for a Jury Trial**

Since this Court has already granted the Motions to Dismiss of both Defendants (See Court's December 11, 2007) and plans to deny Plaintiff's Motions to Reconsider, the case remains closed and there is no need for a jury trial.

For these reasons, Plaintiff's Motions for Relief from Judgment and Plaintiff's Demand for a Jury Trial are **DENIED**.

Signed: February 4, 2008

Graham C. Mullen
United States District Judge