IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV200-MU

| | |
|---|---|
| RANDY L. THOMAS, <br><br>Plaintiff, <br><br>vs. <br><br>R. HARCOURT FULTON AND JAMES HAMMOND <br><br>Defendants. | **ORDER** |

**THIS MATTER** is before this Court on Defendant Hammond's Motion for a Prefiling Injunction. (Document #7). On June 19, 2007, this Court granted that motion and issued a pre-filing injunction against Mr. Thomas. (Document #9). The Fourth Circuit remanded the injunction back to this Court with instructions to narrow the scope of the injunction. (Document #22). This Court then issued an order directed the parties to provide the Court with a proposed pre-filing injunction, in compliance with the Fourth Circuit's opinion. (Document # 27). Both Defendants responded, but Plaintiff Thomas failed to provide the Court with any such language.

After considering all the applicable case law, the guidance from the Fourth Circuit, and the parties filings, and for the reasons set forth below, the motion is GRANTED.

A federal court may issue a prefiling injunction when a litigant's vexatious conduct hinders the court from fulfilling its constitutional duty. *Procup v. Strickland*, 792 F.2d 1069, 1073-74 (11th Cir. 1986) (en banc). In determining whether a prefiling injunction is substantively warranted, a court must weigh the following factors: (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the

party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions. *Cromer v. Kraft Foods N. Am., Inc.,* 390 F.3d 812, 818 (4th Cir. 2004). A federal court must give a litigant notice and an opportunity to be heard prior to issuing a prefiling injunction. *Id*. at 819.

This action is one of five that Randy Thomas has filed in this Court, all arising out of or related to the same underlying claims involving Mr. Thomas's son, Alfred. *See Thomas v. Charlotte-Mecklenburg Board of Education, et al*., Civil Action No. 3:06-CV-238; *Thomas v. Helms Mulliss & Wicker, PLLC, et al*., Civil Action No. 3:07-CV-52; *Thomas v. Ynez Olshausen, et al*., Civil Action No. 3:07-CV-130; *Thomas v. Mullen*, Civil Action No. 3:07-CV-130. Mr. Thomas's mother, Annie Smith, also filed an action on behalf of Alfred Thomas in the Northern District of California against many of these same defendants after this Court entered the prefiling injunction. *See Thomas v. U.S. Dep't of Education,* Civil Action No. 4:07-CV-04885; 3:07-CV-544. Ms. Smith has also filed an action against many of these defendants, various judges and attorneys. *See Smith v. United States of America, et al.,* 3:07-CV-371. The allegations contained in Ms. Smith's complaints are directly related to the allegations in Mr. Thomas's actions. Moreover, Mr. Thomas signed both complaints purportedly giving Annie Smith permission to file them. Not one of these actions has any merit, and the filing of each has only served to hinder the judicial economy and efficiency of this Court.

The Court finds Mr. Thomas's extensive history of duplicative litigation has been vexatious and harassing. Mr. Thomas has filed various motions with this Court and the Fourth Circuit seeking sanctions against attorneys, judges and government officials. In the motions, Mr. Thomas seeks exorbitant monetary sums, apologies and to have various parties jailed. Mr.

Thomas continues to flagrantly disregard the Court's rulings dismissing his claims and otherwise denying his motions. Mr. Thomas responds to the Court's rulings by filing further actions seeking additional baseless remedies against previous parties and the Court. The Court finds that Mr. Thomas lacks a good faith basis for pursuing his litigation, and that he continues to file actions without any reasonable expectation of prevailing in order to harass government officials and the Court. Mr. Thomas's filings have caused needless expense and burden to other parties and to the Court.

The Court, after having considered the above factors, concludes that a prefiling injunction is substantively warranted. The Court has considered alternative sanctions. Given the extensive history of litigation and Mr. Thomas's flagrant disregard for the Court's ruling, the Court concludes that a ruling directing Mr. Thomas and parties filing on behalf of Alfred Thomas to obtain permission from the Court before filing any more documents with the Court against government officials and judicial officers is an appropriate remedy. Granting this motion for a prefiling injunction is not an outright ban on Mr. Thomas's right to file any more documents; rather, it is a narrowly tailored solution to what is becoming an overwhelming problem to the Court. Mr. Thomas received notice of the prefiling injunction in the customary manner and had the opportunity to respond to the threat of an injunction. Mr. Thomas also received notice of this Court's order directing parties to submit proposed language for this injunction (Document #27).

THEREFORE, IT IS ORDERED that Mr. Thomas and all other parties filing on behalf of Alfred Thomas are banned from making any further filings against government officials and judicial officers (including attorneys and judges) that stem from either previous actions filed or related actions without first obtaining express permission from the Court.

IT IS SO ORDERED.

Signed: February 13, 2008

Graham C. Mullen
United States District Judge